UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EHLENA FRY, a minor, by her next
friends, STACY FRY and BRENT
FRY,

          Plaintiff,

v.

NAPOLEON COMMUNITY
SCHOOLS, JACKSON COUNTY
ISD, and PAMELA BARNES,

        Defendants.

Case No. 12-15507

Judge Sean F. Cox
Magistrate Judge David R. Grand

---

### JOINT FINAL PRETRIAL ORDER

The parties to the above captioned matter submit this Joint Final Pretrial Order

in accordance with the Court's September 27, 2018 Scheduling Order as modified

on September 25, 2019 and Local Rule 16.2.

## I.    Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as

the Plaintiff's claim for violation of the Rehabilitation Act and the Americans With

Disabilities Act arise under the laws of the United States.

1

## II.  Plaintiff's Claims

Defendants discriminated against E.F., a five year old kindergartener with cerebral palsy, on the basis of her disability when they (1) refused to allow her to utilize her trained service animal ("Wonder") in school as a reasonable accommodation, and (2) intentionally took actions against E.F. because of her disability. Plaintiff E.F. is a child with a severe form of cerebral palsy, which significantly limits her mobility and motor skills. In order to mitigate this severe disability, E.F.'s pediatrician prescribed a service dog to assist her throughout her daily activities.

In October of 2009, the Frys informed Napoleon Community Schools that they obtained a trained and certified service animal for E.F., that Wonder would accompany E.F. at all times, including while she attended Ezra Eby during the 2009-2010 school year, and that E.F. was entitled to full access rights to the animal at school under the ADA. At that time, Principle Pamela Barnes informed Stacy Fry that she was not to bring Wonder to school until the administration had an opportunity to inform the other parents in the district. From October of 2009 through mid-December of 2009, Wonder was not allowed in the school building at all.

At a December meeting at the school to discuss E.F.'s request for the accommodation, Richard Rendell, the head of Defendant Jackson County ISD informed the Frys that the school did not allow service animals, and if E.F. were

2

allowed to use her service animal in class, which created no additional expense to the school, the ISD would defund E.F.'s necessary accommodation of a full-time paraprofessional. And on January 7, 2010, the school officially informed the Frys that Wonder would not be allowed to accompany E.F. in the instructional setting because he was educationally unnecessary.

From mid-December through April 12, 2010, Wonder was only allowed to accompany E.F. in the school building on her way to and from class at the beginning and end of the school day. During the school day, Defendants did not permit Wonder to act as a service animal in any way. From April 12, 2010, until the end of the school year, Defendants allowed Wonder to accompany E.F. in class for a trial period, but with substantial limitations that severely undermined his utility. He was required to sit with Mrs. Fry in the back of the class, away from E.F., and not allowed to perform many tasks he was trained to do to mitigate E.F.'s disability. E.F. was also prohibited access to some of the school's facilities and extracurricular activities when she was accompanied by Wonder.

During the trial period, the school made it clear that Wonder was not welcome. The school's staff and administration began treating E.F. and her mother with contempt and animosity that escalated to the point where E.F.'s aides became verbally and physically rough with the five-year-old while assisting her, which Mrs. Fry reported to the school's administration. During one particularly disturbing event,

3

E.F.'s aides removed E.F.'s clothing in front of four members of the school staff during a toileting demonstration with the service animal, despite the verbal protests of E.F. and her mother.

As a result of the discrimination E.F. suffered at Ezra Eby Elementary, the Fry's removed E.F. from the district at the end of the 2009-2010 school year and filed a discrimination claim with the Department of Education's Office of Civil Rights. E.F. was home schooled for the next two years until 2012. Following the OCR's 2012 determination that Defendants had, in fact, discriminated against E.F. the school finally agreed to allow E.F. to return to the district and be accompanied by Wonder. Rather than re-expose E.F. to the negative atmosphere at Ezra Eby, the Frys chose to enroll E.F. in another nearby district that welcomed her and Wonder with open arms.

Defendants therefore violated the ADA and Rehabilitation Act in two separate ways. First, Defendants discriminated against E.F. by failing to reasonably modify their policies to allow her to fully utilize her medically-prescribed certified service animal while attending school with full access to the all areas of Ezra Eby Elementary. Second, Defendants intentionally discriminated against E.F. in a number of ways, including by: (1) failing to modify their guide dog policy, which permitted visually-disabled students to fully utilize their service animals in all areas of the school, to also allow otherwise-disabled students such as E.F. the same

4

accommodation for a medically-prescribed task-trained service animal; (2) denying E.F. access to some of the school's facilities and extracurricular activities when she was accompanied by Wonder; (3) threatening to withhold funding for E.F.'s necessary accommodation of a full-time human aide if she were allowed to use her service animal in school; (4) exposing E.F. to verbal and physical rough treatment; and (5) twice removing her clothing and exposing her in front of four members of the school's staff during a toileting demonstration.

As a result of Defendants' discriminatory actions, E.F. suffered humiliation, embarrassment, emotional distress, a loss of social interaction, and damage to the crucial bond between her and her service animal as a result of the two being separated for long periods of time.

## III. Defendant's Claims

Defendants did not discriminate against Plaintiff. Defendants provided Plaintiff with a number of accommodations that allowed her to fully access the school throughout her entire time there. And although not required since she was already fully accommodated, Napoleon Community Schools also modified its policies to allow Plaintiff to attend school with the dog.

Plaintiff has conditions which limit her mobility and motor skills. Before the start of the Plaintiff's kindergarten year in the 2009/2010 school year, the school district developed a special education plan for Plaintiff. This plan included a number

of accommodations to assist Plaintiff with her mobility issues, including assistance from a full-time human aide and access to wheelchairs and walkers. When she started school in September 2009, she used all of these accommodations on a daily basis. As a result, Plaintiff could go anywhere in the school building, and she could participate in all school programs, she wanted. Plaintiff was not limited in any way with the accommodations that were made. In fact, the Frys were happy with these accommodations. These accommodations satisfied Defendants' obligations under the law.

In October 2009, the Frys informed the District that Plaintiff wanted to bring a dog with her to school starting in January 2010. The request was complicated. Plaintiff had not used the dog before as an accommodation, so it was unknown whether the dog could provide any assistance to Plaintiff. Additionally, because of Plaintiff's age—she could not be certified to use the dog independently for another six years—and small stature, she was unable to actually use the dog on her own. Multiple families also objected to the dog being allowed at school. Some families noted the negative impact the dog would have on their children's disabilities. One family complained that their daughter had been viciously attacked by a dog in the past and was now afraid of dogs. And there were no laws that directly addressed the use of dogs in schools. Thus, the school had to determine many issues, including how to best accommodate Plaintiff, what benefit would the dog provide, the potential

6

harm to Plaintiff from having the dog, how the dog's use would impact Plaintiff's special education plan, how to accommodate the other students who would be negatively impacted by the dog's presence, and what kind of practical building accommodations must be made for the dog's arrival.

After the request, the school met with the Frys on multiple occasions to determine how best to accommodate Plaintiff and the other students in the building. Ultimately, in March 2010, the school and the Frys came to a written agreement allowing Plaintiff to bring the dog to school. The dog was allowed to remain with Plaintiff for most of the school day. The dog was only limited from going in a few areas of the school to protect those students who could not come into contact with the dog, including the frightened child who had been attacked. The Frys agreed with this.

After the agreement was made, the school continued to provide Plaintiff with the many accommodations it had since the beginning of the school year. The school also let the dog come to school with Plaintiff every day, and the school allowed the dog to go everywhere and do everything the parents agreed.

But once the dog was in the school on a regular basis, it was clear that the dog was not ready to perform many of the tasks the Frys claimed he could. The dog could not assist Plaintiff with mobility, the dog had difficulty answering commands and retrieving items for Plaintiff, and the dog interfered with Plaintiff's physical therapy

7

goals. The dog posed issues with other students as well. The dog proved to be a distraction for some students in class, and the dog also growled at students. Additionally, Stacy Fry, who was the dog's handler because Plaintiff could not handle the dog independently, did not serve in that role effectively. Ms. Fry often interfered with classroom instruction by talking with students and adult helpers in the class, in violation of the interim agreement. Ms. Fry would leave class with the dog to tend to her other children in the school, leaving Plaintiff without the dog they claimed she needed. Ms. Fry did not pay attention when Plaintiff did wish to utilize the dog, often because she was reading magazines, texting, or writing notes. Additionally, Ms. Fry challenged the staff regarding educational standards. She also belittled staff, with comments such as Plaintiff was dumber for having been in Ms. Hampton's class.

Still, the school invited Plaintiff to bring the dog with her to school for the remainder of the school year, and repeatedly asked the family to meet to discuss how to best use the dog at school the next school year. The Frys refused, pulled Plaintiff from school, and decided to instead sue the school for money. Not long after, Plaintiff stopped using the dog for assistance. In fact, Plaintiff has not used a dog for assistance in over five years.

Defendants did not discriminate against Plaintiff because 1) they provided her with numerous accommodations that allowed her meaningful access to the school,

and 2) although not necessary, Napoleon Community Schools made modifications

to its policy allowing Plaintiff to bring her dog to school.

## IV.    Stipulated Facts

The parties stipulate to the following facts at trial:

1.    E.F. was born with spastic quadriplegic cerebral palsy, which affects E.F.'s legs, arms, and body and significantly limits her motor skills and mobility.

2.    E.F. is a former student at Napoleon Community Schools ("NCS"). E.F. is disabled and qualified for special education services under the IDEA.

3.    The Napoleon Community Schools and the Jackson County Intermediate School District are both public entities receiving federal funding.

4.    E.F. is an otherwise qualified individual with disabilities who meets essential eligibility requirements to receive services from or participate in the programs or activities of the District and ISD.

5.    The District and ISD are programs or activities subject to Section 504 of the Rehabilitation Act.

6.    The District and ISD are entities subject to the non-discrimination requirements of Section 504 of the Rehabilitation Act.

7.    E.F. was enrolled as a kindergartener at Ezra Eby Elementary School and attended the school during the 2009-2010 school year.

8.    During the 2009-2010 school year, the district provided E.F. with accommodations including a full-time human aide to accompany EF at all times, access to a walker and wheelchair, occupational therapy, and physical therapy.

9.    In the Fall of 2009, Plaintiffs requested that a dog that they claimed was a service animal, a goldendoodle named Wonder, begin accompanying EF to school in January 2010.

10.   A meeting was held on December 11, 2009, between the Frys and school administrators to discuss the Frys' request.

11. In December 2009, another meeting was scheduled for January 7, 2010, between the Frys, Napoleon Community School District administrators, special education providers, and members of the Jackson County Intermediate School District ("JCISD"), wherein the parties would discuss the Frys' request.

12. An IEP meeting was held on January 7, 2010 to determine whether to include the dog in E.F.'s IEP.

13. Following the IEP meeting, the Frys sent a letter to the school on January 7, 2010.

14. A mediation session was held on January 28, 2010.

15. In August of 2010, the Frys removed E.F. from the Napoleon Community Schools.

16. Wonder retired before E.F. started the fifth grade.

## V. Issues of Fact To Be Litigated

1. Whether Defendants intentionally discriminated against E.F. on the basis of her disability in violation of Title II of the Americans With Disabilities Act and Section 504 of the Rehabilitation Act. [Defendants do not agree this is an issue of fact. It is a legal question.]

2. Whether Defendants failed to provide E.F. a reasonable accommodation as required by Title II of the Americans With Disabilities Act and Section 504 of the Rehabilitation Act. [Defendants do not agree this is an issue of fact. It is a legal question.]

3. What amount of damages fairly and adequately compensates E.F. for the emotional distress she suffered as a result of the intentional discrimination and/or failures to accommodate by the Defendants.

4. The nature of E.F.'s medical condition, and the limitations it posed. [Plaintiffs do not agree this is an issue of fact to be litigated.]

5. The accommodations that the school district provided EF to address those limitations. [Plaintiffs do not agree this is an issue of fact to be litigated.]

6.   The benefit the school's accommodations gave EF. [Plaintiffs do not agree this is an issue of fact to be litigated.]

7.   EF's ability to access the school and its programs with the use of the accommodations the school offered. [Plaintiffs do not agree this is an issue of fact to be litigated.]

8.   The type of services the dog could provide EF. [Plaintiffs do not agree this is an issue of fact to be litigated.]

9.   EF's history using the dog. [Plaintiffs do not agree this is an issue of fact to be litigated.]

10.  EF's ability to independently handle the dog. [Plaintiffs do not agree this is an issue of fact to be litigated.]

11.  The effect the dog would have on other students in the school, and complaints raised by parents. [Plaintiffs do not agree this is an issue of fact to be litigated; this information would be relevant only to a finding of fundamental alteration or undue hardship, both of which are affirmative defenses and neither of which were pled by Defendants in their answer.]

12.  The meetings between the school district and the Frys regarding accommodations for EF and their request for the dog to attend school with EF. [Plaintiffs do not agree this is an issue of fact to be litigated.]

13.  The terms of the agreement between the Frys and the school district regarding the dog's use at school.

14.  The reasons the agreement included minor limitations where the dog could go in the school while being used as a school. [Plaintiffs do not agree this is an issue of fact to be litigated; this information would be relevant only to a finding of fundamental alteration or undue hardship, both of which are affirmative defenses and neither of which were pled by Defendants in their answer.]

15.  The dog's use at school. [Plaintiffs do not agree this is an issue of fact to be litigated.]

16.  The dog's assistance to EF at school. [Plaintiffs do not agree this is an issue of fact to be litigated.]

11

17.   Stacy Fry's conduct as the dog's handler at school. [Plaintiffs do not agree this is an issue of fact to be litigated.

18.   The terms of the continuation agreement to allow the dog at school through the end of the school year.

19.   The school district's offers to meet with the Fry family to discuss the dog's use the next school year.

20.   The Frys' response to the school's offers.

21.   The Frys' opportunities to mitigate any alleged damages. [Plaintiffs do not agree this is an issue of fact to be litigated.]

22.   EF's inability to use the dog independently after leaving the school district. [Plaintiffs do not agree this is an issue of fact to be litigated.]

23.   Why EF stopped using a service dog altogether following the fourth grade. [Plaintiffs do not agree this is an issue of fact to be litigated.]

**VI.   Issues of Law To be Litigated**

1.   Whether Plaintiff is required to show "deliberate indifference" by the Defendants in order to establish a claim for violation of Title II of the Americans With Disabilities Act or Section 504 of the Rehabilitation Act.

2.   Did Defendants provide Plaintiff with reasonable accommodations that allowed meaningful access to the school?  [Plaintiffs do not agree that this is an issue of law.]

3.   Did Plaintiff have a right to the accommodation of her choice?  [Plaintiffs do not agree that this is an issue of law remaining to be decided; this issue was resolved by the Court's Order denying the cross motions for summary judgment at pp. 31-32.]

4.   Did Defendants show bad faith or gross misjudgment. [Plaintiffs do not agree this is an issue of law.]

5.   For Plaintiff's Section 504 claim, if Defendants showed bad faith or gross misjudgment, was it solely due to Plaintiff's condition? [Plaintiffs do not agree this is an issue of law.]

6. For Plaintiff's Title II claim, Defendants showed bad faith or gross misjudgment, was it because of plaintiff's condition? [Plaintiffs do not agree this is an issue of law.]

7. Is Plaintiff entitled to compensatory damages? [Plaintiffs contend the only legal issue on this topic is whether "deliberate indifference" is required to be shown in order to establish an entitlement to compensatory damages. That legal issue was identified in 1, supra.]

8. Did Plaintiff mitigate her alleged damages? [Plaintiffs do not agree this is an issue of law.]

## VII. Evidence Problems Likely To Arise At Trial

### A. *Motions in Limine Plaintiffs Intend To File*

1. Motion in Limine to Exclude Evidence of any Failures by E.F.'s Service Animal to Perform Tasks in School.

2. Motion in Limine to Exclude Evidence that E.F. Received a FAPE or an Appropriate Education from Defendants.

3. Motion in Limine to Exclude Evidence that E.F. had "Full Access" to the School and its Programs with the Accommodations Provided by her IEP.

4. Motion in Limine to Exclude Statement by Shawna Hampton that Stacy Fry said E.F. "is Dumber for Having Been in my Class".

5. Motion in Limine to Preclude Mention or Argument by Defendants that the Frys Agreed to Waive any Claims Regarding the Terms and Enforcement of the Interim Agreement.

6. Motion in Limine to Exclude Any Claim That E.F.'s Use of Wonder As A Reasonable Accommodation Would Fundamentally Alter The Program Offered By The School Or Would Work An Under Hardship.

7. Motion in Limine to Exclude Attacks on Stacy Fry by School Administration.

13

B.    *Motions in Limine Defendants Intend to File*

1.    Motion in limine to exclude evidence of Plaintiff's claim that the dog was certified to be a "service" dog. There are no established accepted standards. Also, Title II did not contain a service dog regulation, so a dog in a school was not a "service" dog.

2.    Motion in limine to exclude evidence and argument of plaintiff's disputed allegation that the school threatened to withhold a full-time human aide if plaintiff used the dog at school. Defendants dispute this occurred. But this is an issue of least restrictive environment, which is a core IDEA issue, and such claim should be exhausted under the IDEA.

3.    Motion in limine to exclude evidence and argument regarding plaintiff's toileting. Toileting and adult assistance with toileting were issues addressed in plaintiff's IEP. Such claims should be exhausted under the IDEA. Additionally, this alleged incident was not plead in Plaintiff's complaint, and as a result, it was not identified as a basis for claiming discrimination. The basis for claiming discrimination was relating to allowing the dog as an accommodation. Had Plaintiff properly plead this allegation, then Defendants would have had an opportunity to request dismissal of these claims. This amounts to an attempt by Plaintiff to improperly amend her complaint.

4.    Motion in limine to exclude evidence and argument regarding alleged rough treatment. This alleged incident was not plead in Plaintiff's complaint, and as a result, it was not identified as a basis for claiming discrimination. The basis for claiming discrimination was relating to allowing the dog as an accommodation. Had Plaintiff properly plead this allegation, then Defendants would have had an opportunity to request dismissal of these claims. This amounts to an attempt by Plaintiff to improperly amend her complaint.

5.    Motion in limine to exclude previously unidentified witnesses, including Jeremy Dulebohn and Kim Shirk.

14

6.  Motion in limine to exclude school district's insurance policy, as plaintiff has it listed on the exhibit list.

7.  Motion in limine to exclude OCR's 2012 opinion. It is highly prejudicial, it improperly replaces the role of the jury, and according to its own language, it did not rely on controlling U.S. Supreme Court precedent.

8.  Motion in limine to exclude evidence related to use of the playground slide.

9.  Motion in limine to exclude argument and evidence regarding Plaintiff's brothers' alleged treatment at school.

C.  Other Issues

1.  Whether Defendants may disclaim the admission in their answer that "the District and the ISD are public entities forbidden to discriminate based on disability" by refusing to include that statement in the stipulated facts. Defendants already admitted that fact in their answer, but refuse to permit it to be included in the statement of facts read to the jury.

2.  Plaintiffs believe that the statement of Defendants' claims will require substantial revision following the Court's rulings on various motions in limine, as the statement contains prejudicial and inadmissible statements that should not be introduced to the jury.

3.  Defendants are filing a motion to certify certain questions of law related to the applicable legal standards for an immediate interlocutory appeal.

4.  Defendants are filing a motion to compel E.F.'s education records.

5.  Defendants would like to address Plaintiff's improper attempt to amend her complaint to now include a hostile environment claim. Plaintiff's lawsuit has always only claimed that an alleged failure to allow the dog full access at school constituted discrimination. Plaintiff is now attempting to claim that she was subjected to a

15

hostile environment as well. There is no mention of any of these types of allegations in her complaint, or hostile environment. If such a claim were allowed at this late date, Defendants would be deprived the opportunity to conduct an adequate amount of discovery on these issues, file a dispositive motion on such a claim, and allowing these new claims will nearly double the length of trial.

6.    Defendants believe that Plaintiff's statement and multiple exhibits may require substantial revision following the Court's rulings on motions in limine.

## VIII. Witnesses

A.    Plaintiffs' Will Call

1.    Stacy Fry

2.    Brent Fry

3.    Pamela Barnes

4.    James Graham

5.    Shawna Hampton

6.    Gay Ballinger

7.    Ehlena Fry

8.    Jeremy Dulebohn

9.    Kim Shirk

B.    Plaintiffs' May Call

1.    Richard Rendell

2.    Dr. Virginia Nelson

3.    Michael McGonegal

    4.      Becca Chandler

    5.      Gail Trudell

    6.      Kathy Dean

    7.      Kim Martin

    8.      Sheila Patrias

    9.      Bina Nage-Talekar

    10.    Angie Jordan

    11.    Kammy Farrow

    12.    Andrea Spencer

**C.**    Defendants' Will Call

    1.      Pamela Barnes

    2.      Stacy Fry

    3.      Brent Fry

**D.**    Defendants' May Call

    1.      Ehlena Fry

    2.      James Graham

    3.      Shawna Hampton

    4.      Gay Ballinger

    5.      Kathy Dean

    6.      Bina Nage-Talekar

    7.      Richard Rendell

    8.      Kammy Farrow

9.    Gail Trudell

10.   Michael McGonegal

11.   Andrea Spencer

12.   Kathie Sutton

13.   Jacqueline Davie Green

14.   Suzanne Stemen

15.   LeRoy Stemen

16.   Amber Lasky

17.   Heidi Tumey

18.   Jeff Butler

19.   Dawn Marvin

20.   Andrea Smilowski

## IX.    Exhibits

A.    Plaintiffs' Exhibits, and Defendants' Objections to Those Exhibits, are listed on Exhibit 1.

B.    Defendants Exhibits, and Plaintiffs' Objections to Those Exhibits, are listed on Exhibit 2.

## X.    Damages

Plaintiffs will be seeking damages for the emotional distress inflicted by the Defendants as a result of their refusal to accommodate and their intentional discrimination against E.F. in the amount of $1 million. Costs, interest, and

attorneys' fees also will be sought in post-judgment relief.

XI.   **Trial**

    A.    Jury/Nonjury:  This is a jury trial.

    B.    Length:  Plaintiffs estimate that this trial will take approximately 10 days running from 8:30-1:30, not including jury deliberations. Defendants estimate that this trial will take approximately 14 days on the same schedule.

XII.   **Settlement Discussions**

Plaintiffs made a settlement demand in the amount of $800,000, inclusive of all compensatory damages, costs, interest, and attorneys' fees, on September 3, 2019.

On October 7, 2019, Defendants responded with an offer of judgment, inclusive of all damages, costs, interest, and attorneys' fees, in the amount of $200,000.

XIII. **Trial Briefs and Jury Instructions**

The parties agree that they will comply with the Court's instructions regarding the content and timing of trial briefs and jury instructions.

XIV. **Juror Expenses**

Each party acknowledges that the Court may assess juror expenses under LR 38.2.

19

15th
Entered this 8th day of October, 2019

_____
Hon. Sean F. Cox

Agreed as to form and substance:

_____      _____
James F. Hermon (P53765)                 Ken Chapie (P66148)
For the Plaintiffs                                For the Defendants

20

# EXHIBIT A

# PLAINTIFFS' FIRST LIST OF EXHIBITS
## THEY INTEND TO ADMIT AT TRIAL

General Objection: Defendants have not received many of the documents that are identified by FR000xx. So, Defendants are not certain which documents Plaintiff is referring to.

Plaintiffs respond that all documents identified with the "FR" prefix were documents produced by Defendants in a large production that was not bates numbered by them at the time. All such documents are therefore in Defendants' possession; they produced them. Furthermore, Plaintiffs repeatedly offered to produce copies of any document that Defendants could not identify by the description provided and are not aware of any incidents where that document could not be produced.

| | |
|---|---|
| Trial Exhibit 1 | Wonder's Service Animal Certification Card (Butler Docs 36) Defendants object: foundation, hearsay, lack of authentication, prejudice outweighs probativeness. |
| Trial Exhibit 2 | Wonder's Training Matrix (Butler Docs 42) - Defendants object: foundation, hearsay, lack of authentication, prejudice outweighs probativeness. |
| Trial Exhibit 3 | Email From 4 Paws For Ability (Butler Docs 35) - Defendants object: hearsay, lack of a syndication. |
| Trial Exhibit 4 | 10.12.09 - Letter from Frys to School (FR000492) - Defendants object: hearsay. |
| Trial Exhibit 5 | 12.17.09 - Letter from Frys to School (Plaintiffs' MSJ - Ex. 12) - Defendants object: hearsay. |
| Trial Exhibit 6 | 12.04.10 - Letter from James Graham to Frys (Plaintiffs' MSJ - Ex. 13) - defendants object: hearsay. It is assumed that plaintiff is referring to the letter dated January 4, 2010. Defendants are unaware of a letter dated December 4, 2010. |
| Trial Exhibit 7 | 01.07.10 - IEP Report (JCISD) (Butler docs 49-64) |
| Trial Exhibit 8 | 01.07.10 - Letter from Brent and Stacy Fry to School (FR000118) - Defendants object: hearsay. |
| Trial Exhibit 9 | 01.21.10 - Letter from the ACLU to School (Plaintiffs' MSJ - Ex. 16) - Defendants object: hearsay. |
| Trial Exhibit 10 | 03.22.10 - Interim Mediation Agreement (FR00513-520) |

| Trial Exhibit 11 | 04.19.10 - Letter from Stacy Fry to School (Butler Docs 155) - Defendants object: hearsay, relevance, prejudice outweighs probativeness. |
|---|---|
| Trial Exhibit 12 | 05.03.12 - OCR Disposition Letter of May 3, 2012 (Fry MSJ - Ex. 19) - defendants object: hearsay, lack of foundation and authentication, improper conclusion under FRE 701, prejudice outweighs probativeness FRE 403, relevance, improper opinion testimony under FRE 701 and 702. |
| Trial Exhibit 13 | 01.30.10 - Email from Gayle Rosen to Bullinger (Butler Docs 208) - defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 14 | 05.09.08 - Letter from Dr. Virginia Nelson (Butler Docs 18) - defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 15 | 10.30.09 - Letter of Dr. Virginia Nelson (Butler Docs 30)- defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 16 | 05.21.10 ACLU letter to Bullinger (Butler Docs 188-89) - defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 17 | 02.16.10 Letter from LaPointe to ACLU (Butler Docs 91-93) |
| Trial Exhibit 18 | 06.03.10 Email from Bullinger to Admin (Butler 208) - defendants object: hearsay, relevance, inadvertent disclosure. Of attorney client privileged information. Also, defendants are not certain what document this is, as they did not stamp it in that manner. |
| Trial Exhibit 19 | Letter from Graham to Frys (Butler 70) - defendants object: hearsay, relevance. Also, defendants are not certain what document this is, as they did not stamp it in that manner. |
| Trial Exhibit 20 | Deposition of James Graham 12.07.17 - defendants object: hearsay. Graham is not a party to this litigation. |
| Trial Exhibit 21 | Deposition of James Graham (Vol. II) 03.19.19 - defendants object: hearsay. Graham is not a party to this litigation. He also is not employed with JCISD. |

| | |
|---|---|
| Trial Exhibit 22 | Deposition of Shawna Hampton 03.19.19 - defendants object: hearsay. The witness is not a party to this litigation, and based on her position with defendant school, her statements cannot be held as admissions on behalf of the school. She also is not employed with JCISD. |
| Trial Exhibit 23 | Deposition of Gay Ballinger 03.21.19 -     defendants     object: hearsay. The witness is not a party to this litigation, and based on her position with defendant school, her statements cannot be held as admissions on behalf of the school. She also is not employed with JCISD. |
| Trial Exhibit 24 | Deposition of Kimberly Martin 03.21.19 – defendants object: hearsay. The witness is not a party to this litigation, and based on her position with defendant school, her statements cannot be held as admissions on behalf of the school. She also is not employed with JCISD. |
| Trial Exhibit 25 | Deposition of Pamela Barnes 03.23.19– defendants object: hearsay. The witness is not a party to this litigation, and based on her position with defendant school, her statements cannot be held as admissions on behalf of the school. She also is not employed with JCISD. |
| Trial Exhibit 26 | 06.01.10 - Amended Interim Agreement (Stacy Fry Dep., 02.21.19, Ex. 7) |
| Trial Exhibit 27 | 04.23.10 - Toileting Agreement (ACLU-FRY 001255) – defendants object: irrelevant, prejudice outweighs probativeness. |
| Trial Exhibit 28 | 05.25.10 - Letter from Gayle Rosen to Bullinger (Butler Docs 195-196) – defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 29 | 06.02.10 - Letter from LaPointe to Rosen (Butler Docs 206-207) |
| Trial Exhibit 30 | 06.24.10 - Letter from LaPointe to Rosen (Butler docs 215-215) |
| Trial Exhibit 31 | 08.25.10 - Letter from LaPointe to Rosen (Butler Docs 216-217) |
| Trial Exhibit 32 | 06.24.10 - Statement of Complaint (ACLU-FRY 000232-234)- defendants  object:  hearsay,  lack  of  foundation  and authentication. |
| Trial Exhibit 33 | 10.11.12 - Manchester Schools IEP (ACLU-FRY 000636-651) – defendants  object:  hearsay,  lack  of  foundation  and authentication. |

| | |
|---|---|
| Trial Exhibit 34 | 11.14.18 - Affidavit of James Graham (Graham Dep., 03.19.19, Ex. 1) – defendants object: hearsay. Graham is not a party to this litigation. |
| Trial Exhibit 35 | 03.23.10 - Letter from Barnes to Parents/Guardians (FR000129) |
| Trial Exhibit 36 | 05.29.12 - Letter from Graham and Barnes to Frys (ACLU-FRY 001140) |
| Trial Exhibit 37 | 04.26.12 - Resolution Agreement (ACLU-FRY 000251-256) – defendants object: hearsay, lack of foundation and authentication, improper conclusion under FRE 701, prejudice outweighs probativeness FRE 403, relevance. |
| Trial Exhibit 38 | 02.20.13 - Service Dog Training (FR000012-13) – defendants object: relevance, subsequent remedial measure. |
| Trial Exhibit 39 | 01.10.10 - Email from Traci Johnson (FR000119-121) – defendants object: hearsay, lack of foundation and authentication. The Bates number does not match the documents produced by plaintiff. |
| Trial Exhibit 40 | 01.14.10 - Petition (ACLU-FRY 001340-1363) – defendants object, hearsay, lack of foundation and authentication, relevance, prejudice outweighs probativeness |
| Trial Exhibit 41 | 04.12.10 - Notes Hampton/Barnes (FR000177) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 42 | 04.12.10 - Note Hampton (FR000155) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 43 | 04.14.10 - Note Hampton (FR000192)defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 44 | 04.15.10 - Note Hampton (FR000193)defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 45 | 04.16.10 - Note Hampton (FR000200)defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 46 | 04.19.10 - Note Hampton (FR000206)defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 47 | 04.21.10 - Note Hampton (FR000217)defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 48 | 04.22.10 - Note Hampton (FR000222) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 49 | 04.23.10 - Note Hampton (FR000225)defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 50 | 04.27.10 - Note Hampton (FR000235)defendants object: hearsay, lack of foundation and authentication. |

| | |
|---|---|
| Trial Exhibit 51 | 04.28.10 - Note Hampton (FR000236) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 52 | 04.30.10 - Note Hampton (FR000238) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 53 | 05.03.10 - Note Hampton (FR000244) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 54 | 05.04.10 - Note Hampton (FR000248) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 55 | 05.05.10 - Note Hampton (FR000250) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 56 | 05.06.10 - Note Hampton (FR000258) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 57 | 05.07.10 - Note Hampton (FR000263) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 58 | 05.10.10 - Note Hampton (FR000264) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 59 | 05.11.10 - Note Hampton (FR000269) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 60 | 05.12.10 - Note Hampton (FR000278) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 61 | 05.13.10 - Note Hampton (FR000281) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 62 | 05.24.10 - Note Hampton (FR000287) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 63 | 05.18.10 - Note Hampton (FR000296) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 64 | Undated Note (FR000228) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 65 | 04.12.10 - Note Ballinger (FR000176) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 66 | 04.14.10 - Note Ballinger (FR000190-191) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 67 | 04.15.10 - Note Ballinger (FR000195) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 68 | 04.19.10 - Email From Brent Fry to Graham and Barnes (FR000317) defendants object: hearsay, lack of foundation and authentication, relevance, prejudice outweighs probativeness. |

| | |
|---|---|
| Trial Exhibit 69 | Ballinger's Classroom Diagram (Dep. of Gay Ballinger, 02.21.19, Ex. 12) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 70 | 04.16.10 - Note Ballinger (FR000204-205) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 71 | 04.19.10 - Note Ballinger (FR000209-210) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 72 | 04.19.10 - Note Ballinger (FR000211) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 73 | 04.20.10 - Note Ballinger (FR000212) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 74 | 04.21.10 - Note Ballinger (FR000214-215) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 75 | 04.22.10 - Note Ballinger (FR000219-220) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 76 | 04.27.10 - Note Ballinger (FR000233-234) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 77 | 04.29.10 - Note Ballinger (FR000237) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 78 | 04.30.10 - Note Ballinger (FR000242-243) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 79 | 05.06.10 - Note Ballinger (FR000255-256) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 80 | 05.07.10 - Note Ballinger (FR000260) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 81 | 05.05.10 - Note Ballinger (FR000251) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 82 | 05.10.10 - Note Ballinger (FR000267-268) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 83 | 05.11.10 - Note Ballinger (FR000271-272) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 84 | 05.20.10 - Note Ballinger (FR000297-298) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 85 | 05.21.10 - Note Ballinger (FR000310-312) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 86 | 05.24.10 - Note Ballinger (FR000304-305) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 87 | 06.11.10 - Note Ballinger (FR000314-315) defendants object: hearsay, lack of foundation and authentication. |

| | |
|---|---|
| Trial Exhibit 88 | Note: end of 2009-2010 school year (FR000148) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 89 | 03.22.10 - Note Ballinger (FR000151) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 90 | 03.29.10 Note (FR000152) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 91 | Note (FR000175) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 92 | 04.13.10 – Note Martin (FR000181-183) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 93 | 04.14.10 - Note Martin (FR000188-189) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 94 | 04.15.10 - Note Martin (FR000197-199) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 95 | 04.16.10 - Note Martin (FR000202-203) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 96 | 04.22.10 - Note Martin (FR000221) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 97 | 04.19.10 - Note Martin (FR000208) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 98 | 04.23.10 - Note Martin (FR000226-227) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 99 | 04.27.10 - Note Martin (FR000230-232) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 100 | 04.30.10 - Note Martin (FR000240-241) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 101 | 05.05.10 - Note Martin (FR000252-254) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 102 | 05.07.10 - Note Martin (FR000261) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 103 | 05.10.10 - Note Martin (FR000266-266) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 104 | 05.11.10 - Note Martin (FR000273-277) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 105 | 05.12.10 - Note Ballinger (FR000279) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 106 | 05.13.10 - Note Ballinger (FR000282-283) defendants object: hearsay, lack of foundation and authentication. |

| | |
|---|---|
| Trial Exhibit 107 | 05.14.10 - Note Ballinger (FR000285-286) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 108 | 05.18.10 - Note Ballinger (FR000291-294) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 109 | 05.21.10 - Note Ballinger (FR000307-309) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 110 | 05.24.10 - Note Ballinger (FR000300-303) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 111 | Guidelines: Access to Equal Educational Opportunity (FR000324-328) |
| Trial Exhibit 112 | 10.27.09 - Email from Michelle Ruh to Barnes (FR000084-89) |
| Trial Exhibit 113 | 11.30.09 - Email from Farrow to Gail Trudell (FR000099) – defendants object: hearsay, foundation and authentication. |
| Trial Exhibit 114 | 01.07.10 - Letter from Frys to James Graham (FR000118) – defendant objects: hearsay, foundation. |
| Trial Exhibit 115 | Teacher/Parent Concerns (FR000497) |
| Trial Exhibit 116 | 11.01.10 - Email from Bullinger to LaPointe (FR000498-511) |
| Trial Exhibit 117 | Note to Mrs. Barnes from Stacy Fry (FR000156)—defendant objects: hearsay, foundation, relevance, prejudice and unfair surprise, as Defendants are unsure as to what this is. |
| Trial Exhibit 118 | Mrs. Hampton's Schedule (FR000157) |
| Trial Exhibit 119 | 04.19.10 - Letter from Stacy Fry to Pamela Barnes (ACLU-FRY 001270) – defendants object: hearsay, relevance, prejudice. |
| Trial Exhibit 120 | 04.21.10 - Notes from Barnes (FR000216) defendants object: hearsay, lack of foundation and authentication. |
| Trial Exhibit 121 | 05.03.10 - E.F. Date Review (FR00136) |
| Trial Exhibit 122 | 05.03.10 - E.F. Date Review (FR00320-323) |
| Trial Exhibit 123 | 05.19.10 - Email from LaPointe to Mrs. Barnes (FR000138-140) |
| Trial Exhibit 124 | 05.04/10 - Letter from Stacy Fry to Mrs. Barnes (ACLU-FRY 001267) defendants object: hearsay, lack of foundation and authentication, prejudice and unfair surprise. Also, plaintiff has not produced any such document from 5/4/10. |
| Trial Exhibit 125 | Letter from Mrs. Barnes to Stacy (FR000173) |
| Trial Exhibit 126 | 06.08.10 - Email from Stacy Fry to Gayle Rosen (ACLU-FRY 001246) defendants object: hearsay, lack of foundation and authentication. |

| | |
|---|---|
| Trial Exhibit 127 | Defendants' Insurance Policy (Defs' Resp. to Plfs. First Discovery Requests) – defendants object: improper evidence of insurance under FRE 411, relevance, prejudice outweighs probativeness, lack of foundation and authentication, hearsay. |
| Trial Exhibit 128 | 04.12.10 – Notes Stacy Fry (ACLU-FRY 000027-000031) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 129 | 04.13.10 – Notes Stacy Fry (ACLU-FRY 000033-000037) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 130 | 04.14.10 – Notes Stacy Fry (ACLU-FRY 000038-000040) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 131 | 04.15.10 – Notes Stacy Fry (ACLU-FRY 000041-000046) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 132 | 04.16.10 – Notes Stacy Fry (ACLU-FRY 000047-000048) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 133 | 04.19.10 – Meeting Notes Stacy Fry (ACLU-FRY 000049-000031) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 134 | 04.19.10 – Notes Stacy Fry (ACLU-FRY 000050-000059) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 135 | 04.20.10 – Notes Stacy Fry (ACLU-FRY 000060-000067) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 136 | 04.21.10 – Notes Stacy Fry (ACLU-FRY 000068-000074) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 137 | 04.23.10 – Notes Stacy Fry (ACLU-FRY 000075-000082) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 138 | 04.26.10 – Notes Stacy Fry (ACLU-FRY 000083-000092) defendants object: hearsay, lack of foundation and authentication, relevance. |

| | |
|---|---|
| Trial Exhibit 139 | 04.27.10 – Notes Stacy Fry (ACLU-FRY 000093-000097) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 140 | 04.28.10 – Notes Stacy Fry (ACLU-FRY 000099-000103) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 141 | 04.29.10 – Notes Stacy Fry (ACLU-FRY 000104) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 142 | 04.30.10 – Notes Stacy Fry (ACLU-FRY 000105-000108) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 143 | 05.03.10 – Notes Stacy Fry (ACLU-FRY 000109-000114) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 144 | 05.04.10 – Notes Stacy Fry (ACLU-FRY 000115-000119) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 145 | 05.05.10 – Notes Stacy Fry (ACLU-FRY 000121-000125) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 146 | 05.07.10 – Notes Stacy Fry (ACLU-FRY 000126-000128) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 147 | 05.[0]8.10 – Notes Stacy Fry (ACLU-FRY 000129-000131) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 148 | 05.10.10 – Notes Stacy Fry (ACLU-FRY 000132-000134) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 149 | 05.11.10 – Notes Stacy Fry (ACLU-FRY 000135-000137) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 150 | 05.12.10 – Notes Stacy Fry (ACLU-FRY 000141-000142) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 151 | 05.13.10 – Notes Stacy Fry (ACLU-FRY 000143-000144) defendants object: hearsay, lack of foundation and authentication, relevance. |

| Trial Exhibit 152 | 05.14.10 – Notes Stacy Fry (ACLU-FRY 000144-000146) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 153 | [05.18.10] – Notes Stacy Fry (ACLU-FRY 000148-000153) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 154 | 05.19.10 – Notes Stacy Fry (ACLU-FRY 000154-000158) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 155 | 05.20.10 – Notes Stacy Fry (ACLU-FRY 000159-000162) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 156 | 05.21.10 – Notes Stacy Fry (ACLU-FRY 000163-000166) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 157 | 09.15.10 - Letter from Rosen to Butler (ACLU-FRY 000168) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 158 | 03.12.10 – Letter from Dr. Nelson (ACLU-FRY 000217) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 159 | 12.31.10 – Letter from Dr. Nelson (ACLU-FRY 000218) defendants object: hearsay, lack of foundation and authentication, relevance. |
| Trial Exhibit 160 | Photo of E.F. and Wonder defendants object: hearsay, lack of foundation and authentication, relevance, prejudice outweighs probativeness, improper cumulative evidence, lack of materiality. |
| Trial Exhibit 161 | Photo of E.F. and Wonder 2 defendants object: hearsay, lack of foundation and authentication, relevance, prejudice outweighs probativeness, improper cumulative evidence, lack of materiality. |
| Trial Exhibit 162 | Photo of E.F. and Wonder 3 defendants object: hearsay, lack of foundation and authentication, relevance, prejudice outweighs probativeness, improper cumulative evidence, lack of materiality. |

| | |
|---|---|
| Trial Exhibit 163 | Photo of E.F. and Wonder 4 defendants object: hearsay, lack of foundation and authentication, relevance, prejudice outweighs probativeness, improper cumulative evidence, lack of materiality. |
| Trial Exhibit 164 | Photo of E.F. and Wonder 5 defendants object: hearsay, lack of foundation and authentication, relevance, prejudice outweighs probativeness, improper cumulative evidence, lack of materiality. |
| Trial Exhibit 165 | Photo of Wonder defendants object: hearsay, lack of foundation and authentication, relevance, prejudice outweighs probativeness, improper cumulative evidence, lack of materiality. |
| Trial Exhibit 166 | 02.05.10 - Letter from Rosen to Butler (Butler Docs 86-88) – defendant objects: hearsay, foundation, authentication, relevance. |
| Trial Exhibit 167 | 05.19.10 - Email from Rosen to Bullinger (Butler Docs 186) – defendant objects: hearsay, foundation, authentication, relevance. |
| Trial Exhibit 168 | 06.03.10 - Email from Rosen to Bullinger (Butler Docs 208-209) – defendant objects: hearsay, foundation, authentication, relevance. |
| Trial Exhibit 169 | 06.09.10 - Email Correspondence Between Rosen and Bullinger (Butler Docs 212-213) – defendant objects: hearsay. |
| Trial Exhibit 170 | 08.26.10 - Letter from Rosen to Bullinger (Butler Docs 218) |
| Trial Exhibit 171 | 01.12.10 - MLIVE Article Quoting Rendell (Butler Docs 625-627) – defendant objects: hearsay, foundation, authentication, completeness, prejudice, relevance. |
| Trial Exhibit 172 | 06.02.01 – Letter from Bullinger to Fry (Butler Docs 206-207) |
| Trial Exhibit 173 | 12.01.09 - Letter form Stacy Fry to 4 Paws (FOIA Request from OCR) – defendant objects: hearsay, foundation, authentication, relevance, prejudice and unfair surprise, as it has not been produced. |

33

# EXHIBIT B

## List of Exhibits

1.  Stacy Fry deposition 11/20/17 [Plaintiffs object to the introduction of the entire exhibit as containing irrelevant and potentially prejudicial statements; Plaintiffs request that only specified, relevant portions be admitted rather than the entire document, with admissibility to be determined at trial.]

2.  Brent Fry deposition 11/20/17 [Plaintiffs object to the introduction of the entire exhibit as containing irrelevant and potentially prejudicial statements; Plaintiffs request that only specified, relevant portions be admitted rather than the entire document, with admissibility to be determined at trial.]

3.  Stacy Fry deposition 2/21/19 [Plaintiffs object to the introduction of the entire exhibit as containing irrelevant and potentially prejudicial statements; Plaintiffs request that only specified, relevant portions be admitted rather than the entire document, with admissibility to be determined at trial.]

4.  Brent Fry deposition 3/7/19 [Plaintiffs object to the introduction of the entire exhibit as containing irrelevant and potentially prejudicial statements; Plaintiffs request that only specified, relevant portions be admitted rather than the entire document, with admissibility to be determined at trial.]

5.  Ehlena Fry deposition 10/30/19 [Plaintiffs object to the introduction of the entire exhibit as containing irrelevant and potentially prejudicial statements; Plaintiffs request that only specified, relevant portions be admitted rather than the entire document, with admissibility to be determined at trial.]

6.  Schools of Choice application, Ex. 36 to Def. 4/22/19 MSJ [Plaintiffs object to this exhibit on the basis of relevance.]

7.  Transition Form 2008-2009, Pl. 945 [Plaintiffs object to this exhibit on the basis of relevance.]

8.  MET Report, Pl. 946-950 [Plaintiffs objects to this exhibit on the basis of relevance and hearsay.]

9.  January 6, 2009 IEP, Pl. 282-288 [Plaintiffs object to this exhibit on the basis of relevance.]

10. April 13, 2009 IEP, Pl. 278-280 [Plaintiffs object to this exhibit on the basis of relevance.]

11.    June 1, 2009 IEP, Pl. 932-944 [Plaintiffs object to this exhibit on the basis of relevance.]

12.    October 12, 2009 Fry letter, Ex.10 to Def. 4/22/19 MSJ

13.    10/27/2009 Email from Barnes to Michelle Ruh, FR000084 [Plaintiffs object to this exhibit as hearsay.]

14.    10/27/2009 Email from Barnes to Deb Powell, FR000085 [Plaintiffs object to this exhibit as hearsay.]

15.    10/27/2009 Email from Barnes to Dorothea French, FR000088 [Plaintiffs object to this exhibit as hearsay.]

16.    10/30/2009 Email from Barnes to Susan Zell, FR000089 [Plaintiffs object to this exhibit as hearsay.]

17.    Notes regarding teacher and parent concerns, Ex. 29 to Def. 4/22/19 MSJ [Plaintiffs object to this exhibit as hearsay.]

18.    Photos from dog bites, Ex. 29 to Def. 4/22/19 MSJ [Plaintiffs object on the basis of lack of authentication, relevance, and unfair prejudice.]

19.    December 17, 2009 Fry Letter, Ex.11 to Def. 4/22/19 MSJ

20.    December 31, 2009 Dr. Nelson medical record, Ex.12 to Def. 4/22/19 MSJ

21.    January 4, 2010 Graham Letter, Ex.13 to Def. 4/22/19 MSJ

22.    January 7, 2010 IEP, Ex.14 to Def. 4/22/19 MSJ

23.    January 7, 2010 Fry Letter, Ex.15 to Def. 4/22/19 MSJ

24.    January 14, 2010 Graham Letter, Ex.16 to Def. 4/22/19 MSJ

25.    January 21, 2010 ACLU Letter, Ex.17 to Def. 4/22/19 MSJ

26.    February 16, 2010 letter from Butler, Ex.18 to Def. 4/22/19 MSJ

27.    February 1, 2010 letter from Jacqueline Davis-Green, Ex. 29 to Def. 4/22/19 MSJ [Plaintiffs object as hearsay, and, as identified, the exhibit is several emails from several different parents from the school and is cumulative of other specifically identified exhibits as well.]

28. Emails from parents objecting to dog's presence at school, Ex. 29 to Def. 4/22/19 MSJ [Plaintiffs object as hearsay, and, as identified, the exhibit is several emails from several different parents from the school and is cumulative of other specifically identified exhibits as well.]

29. March 22, 2010 IDEA Mediation Agreement, Ex.19 to Def. 4/22/19 MSJ

30. March 23, 2010 Barnes letter to families about the dog, FR000129

31. March 18, 2010 PT record, Ex.21 to Def. 4/22/19 MSJ

32. April 1, 2010 JISD PT record, Ex.22 to Def. 4/22/19 MSJ [Plaintiffs object as hearsay, lack of relevance.]

33. April 19, 2010 toileting agreement, FRY 001255

34. May 3, 2010 Date Review, FR000136, FR000320-323  [Plaintiffs object on the basis of hearsay, authenticity.]

35. May 2010 Continuation Agreement, Ex.20 to Def. 4/22/19 MSJ

36. May 6, 2010 email to Barnes about Wonder barking, FR000259 [Plaintiffs object as hearsay.]

37. May 6, 2010 note from Tracie Weeks, FR000159 [Plaintiffs object as hearsay]

38. May 11, 2010 note from Bina to Barnes, FR000162 [Plaintiffs object as hearsay.]

39. Kim's and Gay's Chart of Tasks, FR000481-489 [Plaintiffs object as hearsay, lack of authentication, improper summary.]

40. Chart of issues with the dog, FR000164-167 [Plaintiffs object as hearsay, authenticity, improper summary.]

41. Barnes to Stacy Fry letter regarding Field Day, FR000173

42. May 21, 2010 letter from school district, Ex.23 to Def. 4/22/19 MSJ

43. June 2, 2010 letter from school district, Ex.24 to Def. 4/22/19 MSJ

44. June 24, 2010 letter from school district, Ex.25 to Def. 4/22/19 MSJ

45.    August 25, 2010 letter from school district, Ex.26 to Def. 4/22/19 MSJ

46.    Fry August 26, 2010 letter withdrawing EF from school, Ex.27 to Def. 4/22/19 MSJ

47.    September 15, 2010 letter from school district, Ex.28 to Def. 4/22/19 MSJ

48.    October 11, 2012 IEP, Ex. 31 to Def. 4/22/19 MSJ [Plaintiffs object on relevance, confusion for the jury.]

49.    May 2012 letter from Graham and Barnes to the Frys, Ex. 30 to Def. 4/22/19 MSJ [Plaintiffs object if this letter is introduced in the absence of the decision of the Office of Civil Rights (Plaintiff's proposed Ex. 12) and the settlement agreement between the Defendants and the Office of Civil Rights (Plaintiff's proposed Ex. 37) pursuant to Fed. R. Evid. 106.]

50.    Stacy Fry Declaration [Plaintiffs object to the lack of specificity, as it is unclear precisely what document to which this refers. If Defendant will identify this exhibit by clear reference to a document filed with the Court or by bates number Plaintiffs can determine if there are additional objections necessary.]

51.    Barnes memo to Stacy Fry regarding Field Day [Plaintiffs object as this is a duplicate of Exhibit 41.]

52.    April 23, 2010 email chain between Bina Nage and Kammy Farrow [Plaintiffs object as hearsay, relevance, unfair prejudice.]

53.    Napoleon Community Schools Administrative Guideline, 2250, Pl. 324-327

54.    Stacy Fry note dated 4/12/10

55.    Stacy Fry note dated 4/13/10

56.    Stacy Fry note dated 4/14/10

57.    Stacy Fry note dated 4/15/10

58.    Stacy Fry note dated 4/16/10

59.    Stacy Fry note dated 4/19/10

60.     Stacy Fry note dated 4/20/10

61.     Stacy Fry note dated 4/12/10 [Plaintiffs object as this is duplicative of Exhibit 54.]

62.     Stacy Fry note dated 4/22/10

63.     Stacy Fry note dated 4/23/10

64.     Stacy Fry note dated 4/22/10 [Plaintiffs object as this is duplicative of Exhibit 62.]

65.     Stacy Fry note dated 4/26/10

66.     Stacy Fry note dated 4/28/10

67.     Stacy Fry note dated 4/29/10

68.     Stacy Fry note dated 4/30/10

69.     Stacy Fry note dated 5/3/10

70.     Stacy Fry note dated 5/4/10

71.     Stacy Fry note dated 5/5/10

72.     Stacy Fry note dated 5/6/10

73.     Stacy Fry note dated 5/7/10

74.     Stacy Fry note dated 5/10/10

75.     Stacy Fry note dated 5/11/10

76.     Stacy Fry note dated 5/12/10

77.     Stacy Fry note dated 5/13/10

78.     Stacy Fry note dated 5/13/10

79.     Stacy Fry note dated 5/14/10

80.     Stacy Fry note dated 5/17/10

81.     Stacy Fry note dated 5/18/10

82.     Stacy Fry note dated 5/19/10

83.     Stacy Fry note dated 5/20/10

84.     Stacy Fry note dated 5/21/10

85.     Shawna Hampton note dated 4/12/10 [Plaintiffs object as hearsay.]

86.     Shawna Hampton note dated 4/13/10 [Plaintiffs object as hearsay.]

87.     Shawna Hampton note dated 4/15/10 [Plaintiffs object as hearsay.]

88.     Shawna Hampton note dated 4/16/10 [Plaintiffs object as hearsay.]

89.     Shawna Hampton note dated 4/19/10 [Plaintiffs object as hearsay.]

90.     Shawna Hampton note dated 4/21/10 [Plaintiffs object as hearsay.]

91.     Shawna Hampton note dated 4/22/10 [Plaintiffs object as hearsay.]

92.     Shawna Hampton note dated 4/23/10 [Plaintiffs object as hearsay.]

93.     Shawna Hampton note dated 4/12/10 [Plaintiffs object as hearsay, duplicative of Exhibit 67.]

94.     Shawna Hampton note dated 4/26/10 [Plaintiffs object as hearsay.]

95.     Shawna Hampton note dated 4/28/10 [Plaintiffs object as hearsay.]

96.     Shawna Hampton note dated 4/30/10 [Plaintiffs object as hearsay.]

97.     Shawna Hampton note dated 5/3/10 [Plaintiffs object as hearsay.]

98.     Shawna Hampton note dated 5/4/10 [Plaintiffs object as hearsay.]

99.     Shawna Hampton note dated 5/5/10 [Plaintiffs object as hearsay.]

100.    Shawna Hampton note dated 5/7/10 [Plaintiffs object as hearsay.]

101.    Shawna Hampton note dated 5/10/10 [Plaintiffs object as hearsay.]

102.    Shawna Hampton note dated 5/12/10 [Plaintiffs object as hearsay.]

103.    Shawna Hampton note dated 5/14/10 [Plaintiffs object as hearsay.]

104.    Shawna Hampton note dated 6/2/10 [Plaintiffs object as hearsay.]

105.    Shawna Hampton note dated 6/8/10 [Plaintiffs object as hearsay.]

106.    Gay Ballinger note dated 4/12/10 [Plaintiffs object as hearsay.]

107.    Gay Ballinger note dated 4/13/10 [Plaintiffs object as hearsay.]

108.    Gay Ballinger note dated 4/14/10 [Plaintiffs object as hearsay.]

109.    Gay Ballinger note dated 4/15/10 [Plaintiffs object as hearsay.]

110.    Gay Ballinger note dated 4/16/10 [Plaintiffs object as hearsay.]

111.    Gay Ballinger note dated 4/19/10 [Plaintiffs object as hearsay.]

112.    Gay Ballinger note dated 4/20/10 [Plaintiffs object as hearsay.]

113.    Gay Ballinger note dated 4/21/10 [Plaintiffs object as hearsay.]

114.    Gay Ballinger note dated 4/22/10 [Plaintiffs object as hearsay.]

115.    Gay Ballinger note dated 4/23/10 [Plaintiffs object as hearsay.]

116.    Gay Ballinger note dated 4/26/10 [Plaintiffs object as hearsay.]

117.    Gay Ballinger note dated 4/27/10 [Plaintiffs object as hearsay.]

118.    Gay Ballinger note dated 4/29/10 [Plaintiffs object as hearsay.]

119.    Gay Ballinger note dated 4/30/10 [Plaintiffs object as hearsay.]

120.    Gay Ballinger note dated 5/4/10 [Plaintiffs object as hearsay.]

121.    Gay Ballinger note dated 5/5/10 [Plaintiffs object as hearsay.]

122.    Gay Ballinger note dated 5/6/10 [Plaintiffs object as hearsay.]

123.    Gay Ballinger note dated 5/7/10 [Plaintiffs object as hearsay.]

124.    Gay Ballinger note dated 5/10/10 [Plaintiffs object as hearsay.]

125.   Gay Ballinger note dated 5/11/10 [Plaintiffs object as hearsay.]

126.   Gay Ballinger note dated 5/19/10 [Plaintiffs object as hearsay.]

127.   Gay Ballinger note dated 5/20/10 [Plaintiffs object as hearsay.]

128.   Gay Ballinger note dated 5/21/10 [Plaintiffs object as hearsay.]

129.   Gay Ballinger note dated 5/24/10 [Plaintiffs object as hearsay.]

130.   Gay Ballinger note dated 6/11/10 [Plaintiffs object as hearsay.]

131.   Kathy Dean note dated 4/13/10 [Plaintiffs object as hearsay.]

132.   Kathy Dean note dated 4/15/10 [Plaintiffs object as hearsay.]

133.   Kathy Dean note dated 4/19/10 [Plaintiffs object as hearsay.]

134.   Kathy Dean note dated 4/22/10 [Plaintiffs object as hearsay.]

135.   Kathy Dean note dated 4/23/10 [Plaintiffs object as hearsay.]

136.   Kathy Dean note dated 4/27/10 [Plaintiffs object as hearsay.]

137.   Kathy Dean note dated 4/30/10 [Plaintiffs object as hearsay.]

138.   Kathy Dean note dated 5/5/10 [Plaintiffs object as hearsay.]

139.   Kim Martin note dated 4/12/10 [Plaintiffs object as hearsay.]

140.   Kim Martin note dated 4/13/10 [Plaintiffs object as hearsay.]

141.   Kim Martin note dated 4/14/10 [Plaintiffs object as hearsay.]

142.   Kim Martin note dated 4/15/10 [Plaintiffs object as hearsay.]

143.   Kim Martin note dated 4/16/10 [Plaintiffs object as hearsay.]

144.   Kim Martin note dated 4/19/10 [Plaintiffs object as hearsay.]

145.   Kim Martin note dated 4/20/10 [Plaintiffs object as hearsay.]

146.   Kim Martin note dated 4/22/10 [Plaintiffs object as hearsay.]

147.   Kim Martin note dated 4/23/10 [Plaintiffs object as hearsay.]

148.   Kim Martin note dated 4/26/10 [There is no document that has been produced in discovery that purports to be Ms. Martin's notes from that date. To the extent this refers to an undated note, Plaintiffs object as hearsay.]

149.   Kim Martin note dated 4/27/10 [Plaintiffs object as hearsay.]

150.   Kim Martin note dated 4/30/10 [Plaintiffs object as hearsay.]

151.   Kim Martin note dated 5/3/10 [Plaintiffs object as hearsay.]

152.   Kim Martin note dated 5/5/10 [Plaintiffs object as hearsay.]

153.   Kim Martin note dated 5/6/10 [Plaintiffs object as hearsay.]

154.   Kim Martin note dated 5/7/10 [Plaintiffs object as hearsay.]

155.   Kim Martin note dated 5/10/10 [Plaintiffs object as hearsay]

156.   Kim Martin note dated 5/11/10 [Plaintiffs object as hearsay.]

157.   Kim Martin note dated 5/12/10 [Plaintiffs object as hearsay.]

158.   Kim Martin note dated 5/13/10 [Plaintiffs object as hearsay.]

159.   Kim Martin note dated 5/14/10 [Plaintiffs object as hearsay.]

160.   Kim Martin note dated 5/17/10 [Plaintiffs object as hearsay.]

161.   Kim Martin note dated 5/18/10 [Plaintiffs object as hearsay.]

162.   Kim Martin note dated 5/19/10 [Plaintiffs object as hearsay.]

163.   Kim Martin note dated 5/20/10 [Plaintiffs object as hearsay.]

164.   Kim Martin note dated 5/21/10 [Plaintiffs object as hearsay.]

165.   Kim Martin note dated 5/24/10 [Plaintiffs object as hearsay.]

166.   Plaintiff's Petition for En Banc Rehearing [Plaintiffs object on the basis of relevance.]

167.    Plaintiff's education records from Manchester Community Schools (not yet produced) [Plaintiffs reserve the right to assert objects to these documents once identified with specificity and produced.]

084145.000012  4850-8606-9673.3

084145.000012  4821-9281-3481.1

44